IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MICROSOFT CORPORATION,                :
a Washington corporation ,            :
                                      :
       Plaintiff,                     :
                                      :      CIVIL ACTION NO.
v.                                    :      1:06-CV-1352-JOF
                                      :
FENGQI LIU, an individual, et al.,    :
                                      :
       Defendants.                    :

## OPINION AND ORDER

This matter is before the court on Plaintiff Microsoft Corporation's ("Microsoft") motion for default judgment as to Defendant, Fengqui Lui [15].

## I.   Background

Microsoft filed a complaint against Amart Electronics, Inc., a/k/a Feather Computers, Youg Hou, Helen Hou, and Defendant for violating Microsoft's intellectual property rights by distributing unlicensed software, despite Microsoft's prior written warning.  Fengqui Lui's co-defendants ultimately settled this matter with Microsoft, and the court entered a permanent injunction prohibiting these co-defendants from selling unauthorized Microsoft products.  Defendant, however was explicitly excluded from said settlement and injunction. Defendant failed to answer Plaintiff's complaint, and the clerk entered a default against

AO 72A
(Rev.8/82)

Defendant. Plaintiff filed the instant motion for default judgment and a permanent injunction on June 15, 2007. Defendant has not responded or contested this motion.

**II.   Discussion**

This court addressed a virtually identical matter in its September 20, 2007 order in *Microsoft Corp. v. Earl Moss*, Civil Action No. 1:06-CV-1670-JOF. The court's analysis here draws heavily on that order. Defendant is in default, and under Rule 55(b) of the Federal Rules of Civil Procedure, this court may enter default judgment against Defendant on all claims brought by Plaintiff that are legally sufficient and supported by the well-pleaded allegations deemed to be admitted by Defendant. *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1976); *McCoy v. Johnson*, 176 F.R.D. 676, 679 (N.D. Ga. 1997) (Forrester, J.). Thus, the court must determine whether the well-pleaded allegations of Plaintiff's complaint are sufficient to establish Defendant's liability for copyright and trademark infringement and the damages to which Plaintiff is entitled.

In *Microsoft Corp. v. Earl Moss*, this court found that the allegations in a virtually identical complaint filed by the same counsel for Plaintiff were sufficient to establish section 501 violations of the Copyright Act, 17 U.S.C. §§ 101, *et seq.*, and violations of the Lanham Act, 15 U.S.C. §§ 1114, 1125. In both cases, Microsoft received reports that a small retailer of computer software was selling unauthorized Microsoft software; Microsoft sent the retailer a letter warning them against further infringement; and Microsoft obtained evidence

2

that the retailer had sold its products wrongfully to an investigator. Given its earlier order, the only matter remaining before the court today is the question of damages.

Plaintiff requests statutory damages under the Copyright and Lanham Acts, in an amount to be determined by the court. The Copyright Act provides for statutory damages of up to $30,000 per copyright violation, whether willful or not, and enhanced damages up to $150,000 per copyright for willful infringement. 17 U.S.C. § 504(c). Similarly, the Lanham Act provides for statutory damages for trademark infringement up to $100,000 per counterfeit trademark infringed, regardless of willfulness, and enhanced damages up to $1,000,000 per mark for willful infringement. 15 U.S.C. § 1117(c). Plaintiff seeks statutory damages of $100,000 for each of the nine trademarks at issue and $30,000 for each of the nine copyrights at issue, for a total of $1,170,000. In *Moss*, this court declined to award the maximum statutory penalty and stated:

> The Copyright Act and the Lanham Act authorize a statutory range of damages so that courts may tailor awards to the scope of the conduct and the culpability of the defendant. Microsoft has not alleged that Defendants operated on a grand scale and has offered proof of only two instances in which [Defendant] sold counterfeit software . . . .  While it is likely that Defendants acted impermissibly on more than two occasions, the court believes a lesser award will still adequately compensate Microsoft and serve as a deterrent to potential offenders.

(Order, at 17). The court then awarded $5000 for each copyright and $10,000 for each trademark violation. The court believes that its reasoning in *Moss* remains sound and that the facts in this matter warrant the same treatment. Here, Plaintiff has likewise not alleged

3

infringement on a grand scale and has indeed only offered evidence of one violation. As such, the court will award $5000 for each of the nine copyrights and $10,000 for each of the nine trademarks for a total of $135,000.

Plaintiffs have also requested reasonable costs of $350.00 and reasonable attorney's fees in the amount of $2,161.46, pursuant to section 505 of the Copyright Act and section 1117(a) of the Lanham Act. This court agreed to award attorney's fees and costs under virtually identical circumstances in *Moss* and will also do so in this matter. Plaintiff's counsel has carefully broken out the portion of her time in this matter devoted to Defendant and has submitted detailed billing justifying her fees, and the court finds her calculations to be reasonable. As such, the court will award fees and costs in the amount of $3,511.36. Plaintiff also requested a permanent injunction. The Copyright Act and the Lanham Act authorize such injunctive relief, 17 U.S.C. § 502(a) and 15 U.S.C. § 1116(a), and the court has awarded such relief in similar cases such as *Moss* and in this case against co-defendants.

## III.   Conclusion

Therefore, the court GRANTS Plaintiff's motion for default judgment [15].

The court DIRECTS Defendant Fengqui Lui to pay Plaintiff $135,000 for copyright and trademark violations and $3,511.36 in costs and fees.

Further, Fengqi Liu, along with his agents, servants, employees, representatives, successors and assigns, and all those persons or entities acting in concert or participation with them, shall be and hereby are PERMANENTLY ENJOINED and restrained from:

(a) imitating, copying, or making any other infringing use or infringing distribution of software programs, components, end user license agreements ("EULAs"), Certificates of Authenticity ("COAs") or items protected by Microsoft's registered trademarks and service mark, including, but not limited to, the following Trademark and/or Service Mark Registration Numbers:

   (1) 1,256,083 ("MICROSOFT");

   (2) 1,200,236 ("MICROSOFT");

   (3) 1,816,264 ("WINDOWS");

   (4) 1,816,354 (COLORED FLAG LOGO);

   (5) 1,815,350 (COLORED WINDOWS LOGO);

   (6) 1,475,795 ("POWERPOINT");

   (7) 1,741,086 ("MICROSOFT ACCESS");

   (8) 2,188,125 ("OUTLOOK");

   (9) 1,982,562 (PUZZLE PIECE LOGO); and

   (10) 2,360,685 ("PHOTODRAW");

or the software programs, components, EULAs, COAs, items or things protected by the following Certificate of Copyright Registration Nos.:

  (1) TX 4-905-936 ("Office 2000 Pro");

  (2) TX 4-905-950 ("Access 2000");

  (3) TX 4-905-949 ("Excel 2000");

  (4) TX 4-906-019 ("Outlook 2000");

  (5) TX 4-905-952 ("PowerPoint 2000");

  (6) TX 4-905-951 ("Word 2000");

  (7) TX 4-905-937 ("Publisher 2000");

  (8) TX 4-309-301 ("FrontPage 2000"); and

  (9) TX 4-899-117 ("PhotoDraw 2000");

or any other works now or hereafter protected by any of Microsoft's trademarks or copyrights;

 (b) manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any software program, component, EULA, COA, item or thing bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of any of Microsoft's registered trademarks or service mark, including, but not limited to, the Trademark and Service Mark Registration Nos. listed in Paragraph (a) above;

6

(c) using any simulation, reproduction, counterfeit, copy, or colorable imitation of Microsoft's registered trademarks or service mark including, but not limited to, the Trademark and Service Mark Registration Nos. listed in Paragraph (a) above, in connection with the manufacture, distribution, offering for distribution, sale, offering for sale, advertisement, promotion, or display of any software, component, EULA, COA, item or thing not authorized or licensed by Microsoft;

(d) using any false designation of origin or false description which can or is likely to lead the trade or public or individuals erroneously to believe that any software, component, EULA, COA, item, or thing has been manufactured, produced, distributed, offered for distribution, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for Microsoft, when such is not true in fact;

(e) using the names, logos, or other variations thereof of any of Microsoft's copyright and/or trademark-protected software programs in any of Defendant's trade or corporate names;

(f) engaging in any other activity constituting an infringement of any of Microsoft's trademarks, service mark and/or copyrights, or of Microsoft's rights in, or right to use or to exploit these trademarks, service mark, and/or copyrights, or constituting any dilution of Microsoft's name, reputation, or good will; and

7

(g) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in paragraphs (a) through (f) above.

**IT IS SO ORDERED** this 31st day of October 2007.

s/ J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE
